**Eddie Thomas JACKSON, Appellant**

v.

**Debra ALT, District Parole Supervisor, in her individual capacity.**

No. 06–3211.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) May 31, 2007.

Filed: June 27, 2007.

---

was arrested on federal firearm charges. He was sentenced to 180 months' imprisonment on that conviction in 2002. In June 2005, defendant, a New Jersey parole supervisor, issued a parole violator warrant against Jackson due to the 2000 arrest. Defendant lodged the warrant as a detainer at Jackson's place of confinement.

Jackson then filed this complaint pursuant to 42 U.S.C. § 1983, alleging that the warrant violated his due process and equal protection rights because his "maximum expiration date" was August 24, 2001, and the parole board's jurisdiction over him expired on that date. The District Court dismissed Jackson's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Jackson timely filed a notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Jackson leave to proceed *in forma pauperis* on appeal, we now determine whether his appeal should be dismissed pursuant to § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Eddie Thomas Jackson, Bennettsville, SC, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

### OPINION

PER CURIAM.

Eddie Jackson appeals from the order of the United States District Court for the District of New Jersey dismissing his civil rights action.

In 1991, Jackson was sentenced in the Superior Court of New Jersey, Mercer County, to 15 years in prison for a drug conviction. After serving five years, he was released on parole. In 2000, Jackson

Jackson seeks damages for alleged due process and equal protection violations arising from what he views as the improper issuance of the parole violator warrant and the lodging of that warrant as a detainer. We agree with the District Court that Jackson·may not proceed under § 1983 because he has not successfully challenged the warrant in any state or federal proceeding. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Antonelli v. Foster,* 104 F.3d 899, 900–901 (7th Cir.1997).

Having concluded that the District Court properly dismissed Jackson's com-

852

plaint, we will dismiss Jackson's appeal under 28 U.S.C. § 1915(e)(2)(B).